## Hahn v. Ditchey.

*Landlord and tenant—Lease—Assignment of lease—Covenant not running with the land.*

1. Where a lease provides that the lessor shall pay the lessee a sum stated on the expiration of the lease, and the lessee assigns to another, with the approval of the lessor, all the rights under the lease "to enjoy the privilege during the remaining period of the lease," the lessor is not bound to pay to the assignee the sum stated on the expiration of the lease.

2. In such case, the covenant does not run with the land, and is not covered by the assignment.

Question of law raised by affidavit of defence. C. P. Schuylkill Co., Nov. T., 1923, No. 176.

*J. O. Ulrich,* for plaintiff; *George Ellis* and *John F. Whalen,* for defendant.

Koch, J., April 27, 1925.—On April 14, 1910, Jacob W. Ditchey and Elizabeth Ditchey, his wife, leased to Fred B. Loch and Annie M. Loch, his wife, a three-story brick hotel in Tamaqua for a term of five years, commencing on April 18, 1910, at a rental of $100 per month. A written lease was executed by all the parties. The lease provides for renewals thereof and for the final surrender of the property. According to the plaintiff's statement, the lease expired on Sept. 18, 1923, and the property was surrendered. Mr. Loch and wife were not tenants when the property was surrendered to the landlord. On a copy of the lease attached to the statement I find the following:

"Tamaqua, Pa., November 8, 1912.

"I hereby assign, transfer and set over unto George A. Hahn all my right, title, interest, claim and possession to the within stated agreements of said lease so that the said George A. Hahn may have and enjoy the privileges during the remaining period of the lease." And Mr. Ditchey on the same day agreed in writing to the transfer.

The lease, *inter alia,* contains this provision: "And further it is hereby agreed that the said parties of the first part will pay and guarantee to the said parties of the second part the sum of two thousand ($2000.00) dollars on the expiration of this lease upon the surrender of the property and the contents as has been delivered to them, ordinary wear and tear, etc., excepted." Hahn now brings this suit to recover the $2000 referred to in the stipulation just quoted. The question of law raised by the affidavit of defence is that the covenant quoted above "is a personal covenant, not running with the land, and did not pass to the assignee, George A. Hahn, the plaintiff herein." Plaintiff's counsel conceded at the time of the argument that the provision in the lease creates no covenant running with the land. Nor is it such a covenant, nor does the covenant provide that Ditchey and his wife shall pay to the assigns

Hahn v. Ditchey.

of Loch, or Loch and his wife, the $2000 referred to. The covenant is that Ditchey and his wife shall pay to Loch and his wife the sum of $2000, whereas this suit is brought by Hahn, who, by virtue of Mr. Loch's assignment, obtained the "right, title, interest, claim and possession" of only Fred B. Loch. But under that assignment from Loch to Hahn, Hahn was to only "have and enjoy the privileges during the remaining period of the lease." The words "privileges during the remaining period of the lease" do not admit of the construction that "on the expiration of this lease upon surrender of the property and the contents thereof" the $2000 shall be paid to Hahn as the assignee of Loch.

And now, April 27, 1925, judgment is entered for the defendant.

From M. M. Burke, Shenandoah, Pa.